UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JULIAN OKEAYAINNEH**<br>**REG. # 20515-112** | **:** | **DOCKET NO. 19-cv-0304**<br>**SECTION P** |
| **VERSUS** | **:** | **UNASSIGNED DISTRICT JUDGE** |
| **R. MYERS** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Julian Okeayainneh. Okeayainneh is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

**I.**
**BACKGROUND**

Okeayainneh challenges his 2012 conviction in the United States District Court for the District of Minnesota, of bank fraud, wire fraud, identity theft, and related charges. Doc. 1; *see United States v. Okeayainneh et al.*, No. 0:11-cr-0087(1) (D. Minn. Aug. 15, 2012).

On appeal, the Eighth Circuit affirmed Okeayainneh's conviction but found that a sentencing enhancement had been misapplied and remanded the case for resentencing. *United States v. Adejumo*, 772 F.3d 513 (8th Cir. 2014). Okeayainneh sought relief through a § 2255 motion and other pro se motions collaterally attacking his conviction, filed in the District of

Minnesota, which the court denied. *United States v. Okeayainneh*, 2015 WL 13358236 (D. Minn. Dec. 21, 2015). He also appealed his new sentence to the Eighth Circuit, which denied relief on September 9, 2016. *United States v. Okeayainneh*, 668 Fed. App'x 681 (8th Cir. 2016). Okeayainneh then filed a second § 2255 motion and other collateral attacks on his conviction in the trial court, which denied same on August 1, 2018. *Okeayainneh*, No. 0:11-cr-0087(1), at doc. 1256. Okeayainneh appealed the court's ruling to the Eighth Circuit, which denied a certificate of appealability and dismissed the appeal on December 21, 2018. *Id.* at doc. 1276. Most recently, Okeayainneh filed two "Motions to Take Notice of Adjudicative Facts" in the trial court in January 2019, which are still pending. *Id.* at docs. 1277, 1279. He also filed a civil rights suit in the United States District Court for the Northern District of Texas against the United States Department of Justice and the Office of Personnel Management, seeking declaratory and injunctive relief based on FOIA requests he had issued to those agencies. *Okeayainneh v. U.S. Dep't of Justice*, No. 3:18-cv-1195 (N.D. Tex.). That suit is still pending. *Id.*

Okeayainneh now alleges that the trial court has vacated his restitution judgment and that this decision functionally invalidates his conviction of bank fraud because it contradicts the jury's determination that there was a loss to the victim. Doc. 1. Accordingly, he seeks to have his conviction and sentence vacated. *Id.*

## II.
## LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears

from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Section 2241

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Okeayainneh's petition is a collateral attack on his conviction. Such attacks are generally limited to a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). A § 2241 petition is properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Tolliver*, 211 F.3d at 877–78. Habeas relief based on a collateral attack to a federal conviction is only appropriate under § 2241 if the petitioner can satisfy § 2255's "savings clause."

The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253

F.3d 827, 830 (5th Cir. 2001). The fact that a prior motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.* Instead, the petitioner must demonstrate the following to satisfy § 2255's savings clause: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, **and** (2) that his claim was foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 903–04 (5th Cir. 2001).

Okeayainneh does not cite any qualifying Supreme Court precedent. His claim of new evidence based on the revocation of his restitution order does not satisfy the savings clause, and he should instead pursue any such relief from that circumstance in the trial court. Accordingly, the court lacks jurisdiction to hear his petition under § 2241.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

-5-

THUS DONE AND SIGNED in Chambers this 5th day of April, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE